# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHIBUEZE C. ANAEME, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-cv-01041-MMD -VCF |
| | ) |
| | ) **REPORT & RECOMMENDATION** |
| | ) **BARRING FUTURE FILINGS AND** |
| | ) **DISMISSAL OF CLAIMS** |
| NATIONAL ASSOCIATION OF BOARDS OF PHARMACY, *et al.*, | ) |
| | ) (Response to Order To Show Cause) |
| Defendants. | ) |
| CHIBUEZE C. ANAEME, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-cv-01160-JCM -VCF |
| | ) |
| | ) **REPORT & RECOMMENDATION** |
| | ) **BARRING FUTURE FILINGS AND** |
| | ) **DISMISSAL OF CLAIMS** |
| NATIONAL ASSOCIATION OF BOARDS OF PHARMACY, *et al.*, | ) |
| | ) (Response to Order To Show Cause) |
| Defendants. | ) |
| CHIBUEZE C. ANAEME, | ) |
| Plaintiff, | ) |
| v. | ) 2:12-cv-01182-GMN -VCF |
| | ) |
| | ) **REPORT & RECOMMENDATION** |
| | ) **BARRING FUTURE FILINGS AND** |
| | ) **DISMISSAL OF CLAIMS** |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) (Response to Order To Show Cause) |
| Defendants. | ) |

| | |
|---|---|
| CHIBUEZE C. ANAEME,<br><br>                Plaintiff,<br><br>v.<br><br><br><br>UNITED STATES OF AMERICA, *et al.,*<br><br>                Defendants. | 2:12-cv-01274-MMD -VCF<br><br>**REPORT & RECOMMENDATION**<br>**BARRING FUTURE FILINGS AND**<br>**DISMISSAL OF CLAIMS**<br><br>(Response to Order To Show Cause) |
| CHIBUEZE C. ANAEME,<br><br>                Plaintiff,<br><br>v.<br><br><br><br>UNITED STATES OF AMERICA, *et al.,*<br><br>                Defendants. | 2:12-cv-01275-MMD -VCF<br><br>**REPORT & RECOMMENDATION**<br>**BARRING FUTURE FILINGS AND**<br>**DISMISSAL OF CLAIMS**<br><br>(Response to Order To Show Cause) |
| CHIBUEZE C. ANAEME,<br><br>                Plaintiff,<br><br>v.<br><br><br><br>UNITED STATES OF AMERICA, *et al.,*<br><br>                Defendants. | 2:12-cv-01276-JCM -VCF<br><br>**REPORT & RECOMMENDATION**<br>**BARRING FUTURE FILINGS AND**<br>**DISMISSAL OF CLAIMS**<br><br>(Response to Order To Show Cause) |
| CHIBUEZE C. ANAEME,<br><br>                Plaintiff,<br><br>v. | 2:12-cv-01277-MMD -VCF<br><br>**REPORT & RECOMMENDATION**<br>**BARRING FUTURE FILINGS AND**<br>**DISMISSAL OF CLAIMS** |

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,    ) | (Response to Order To Show Cause) |
|         Defendants.    ) | |
| _____) | |
| CHIBUEZE C. ANAEME,    ) | |
|         Plaintiff,    ) | 2:12-cv-01278-GMN -VCF |
| v.    ) | **REPORT & RECOMMENDATION BARRING FUTURE FILINGS AND DISMISSAL OF CLAIMS** |
| UNITED STATES OF AMERICA, *et al.*,    ) | (Response to Order To Show Cause) |
|         Defendants.    ) | |
| _____) | |
| CHIBUEZE C. ANAEME,    ) | |
|        Plaintiff,    ) | 2:12-cv-01279-JCM -VCF |
| v.    ) | **REPORT & RECOMMENDATION BARRING FUTURE FILINGS AND DISMISSAL OF CLAIMS** |
| UNITED STATES OF AMERICA, *et al.*,    ) | (Response to Order To Show Cause) |
|         Defendants.    ) | |
| _____) | |
| CHIBUEZE C. ANAEME,    ) | |
|        Plaintiff,    ) | 2:12-cv-01280-MMD -VCF |
| v.    ) | **REPORT & RECOMMENDATION BARRING FUTURE FILINGS AND DISMISSAL OF CLAIMS** |
| UNITED STATES OF AMERICA, *et al.*,    ) | (Response to Order To Show Cause) |
|         Defendants.    ) | |
| _____) | |

# BACKGROUND

Before the court are plaintiff Chibueze C. Anaeme's Responses to the Court's Orders To Show Cause in the Above Captioned Actions.

## I.     Order To Show Cause

### A.     Background

Plaintiff filed fourteen (14) actions in this court since September 28, 2011, some of which are not before the undersigned Magistrate Judge. The allegations in the complaints fall into four (4) categories: (1) transfer of plaintiff's pharmacy license (2:11-cv-01572-PMP -RJJ, 2:11-cv-01573-JCM -PAL, 2:12-cv-01041-MMD-VCF, 2:12-cv-01160-JCM-VCF, 2:12-cv-01162-GMN-VCF, 2:12-cv-01275-MMD -VCF, and 2:12-cv-01276-JCM -VCF), (2) attorneys not returning documents to plaintiff (2:12-cv-01038-GMN -VCF and 2:12-cv-01279-JCM -VCF), (3) a dispute over a storage unit agreement, (2:12-cv-01182-GMN -VCF, 2:12-cv-01277-MMD -VCF, 2:12-cv-01278-GMN -VCF, and 2:12-cv-01280-MMD -VCF), and (4) a dispute arising out of the purchase of a Toyota Sienna (2:12-cv-01274-MMD -VCF). This court denied *in forma pauperis* in two of plaintiff's actions (2:11-cv-01572-PMP -RJJ and 2:12-cv-01162-GMN-VCF) and granted *in forma pauperis* and either recommended dismissal of or dismissed the complaint in two of plaintiff's actions (2:11-cv-01573-JCM -PAL and 2:12-cv-01038-GMN -VCF). The remaining actions have been transferred to the undersigned Magistrate Judge.

### 1.     Actions Before This Court

In each of plaintiff's actions before this court, he filed a motion/application to proceed *in forma pauperis.*  (#1)[1]. He alleged in all of the motions/applications that he was unable to pay the $350 filing fees. *Id.*  The court held a hearing on plaintiff's motion to proceed *in forma pauperis* in Case No. 2:12-cv-01038-GMN-VCF, and plaintiff represented during the hearing that he is not currently

---

[1] All docket numbers herein refer to the docket entries for each of the above captioned actions unless stated otherwise.

4

employed, that he last worked as a pharmacist from October 2007 - December 2007, and that he made $150 per hour during that time.

Each of the complaints before the undersigned Magistrate Judge are between forty-eight (48) to sixty (60) pages long, name between forty-seven (47) to one-hundred and twenty-one (121) defendants (many of which are the same), and seek relief against other parties that are not named as defendants. (#1-1). The claims are disjointed, repetitive, and exceptionally difficult to follow. *Id.* Not only are the allegations and claims within plaintiff's complaints (#1-1) repetitive, but the actions themselves are duplicative of each other (as evidenced by the categories of topics discussed above) and of actions filed and dismissed in other districts (discussed below).

On September 6, 2012, the undersigned Magistrate Judge entered an order and report and recommendation in each of the actions before this court. (#3, #4[2], and #5[3]). In the order, the court granted plaintiff's requests to proceed *in forma pauperis* pursuant to § 1915(a). *Id.* Upon screening the complaint, the court found that this court is not the proper venue based on both the residency of the defendants under 28 U.S.C. § 1391(b)(1) and where a substantial amount of the events or omissions occurred under 28 U.S.C. § 1391(b)(2). *Id.* The court found that after reviewing "plaintiff's complaints (#1) and history as a litigant in Federal Court," transferring these actions to a federal district where venue is proper is not "in the interest of justice." *Id; See* 28 U.S.C. § 1404(a).

The court held that, on or before October 10, 2012, plaintiff must "show cause why the United States District Court for the District of Nevada should not enjoin plaintiff...from filing any future *pro se* actions in this district and should not DISMISS his complaints." *Id.* The court stated that failure to file a response would result in a report and recommendation recommending that "the court enter an order dismissing the above captioned actions with prejudice and enjoining plaintiff from filing in this

---

[2]Case Nos. 12-cv-01274-MMD-VCF and 12-cv-01276-JCM-VCF

[3]Case No. 12-cv-01182-GMN-VCF

5

district." *Id.* On September 14, 2012, plaintiff filed responses to the order to show cause. (#4, #5[4], and #6[5]). Plaintiff's responses are as follows:

> The complaint as filed by plaintiff *pro se* in aforerecited (sic) cause is proper.
>
> The aforementioned cause of action was thoroughly and/or extensively investigated by plaintiff over several years prior to initiation of the corresponding litigation.
>
> The gravamen of the court assertions against plaintiff allegations and claims in said cause is grounded on the fact that this court lacks proper judicial notice, proper case knowledge and focus as pertains to said cause and similarly of any other previous cause of action related to plaintiff in any other court, to which it alluded to in its aforerecited (sic) applicable order dated September 6, 2012, namely, USDC District of Colorado Case No.1:12-CV-00460-LTB, USDC Southern District of California Case No.3:1l-CV-1906-JAH-WVG, USDC Southern District of California Case No.3:1I-CV-I8O8-JAH-BLM ,USDC Southern District of California Case No.3:11-CV- 1605-LAB-MDD and USDC District of New Mexico cause of action (No case no(s).listed).

*Id.* Each of plaintiff's responses are identical, with the exception of the response filed in Case No. 12-cv-01041-MMD-VCF, which does not include the second paragraph. *Id.*

### 2. **Plaintiff's Filing History In Other Districts**

In 2011, plaintiff filed three actions in the District of Southern California (3:11-cv-1906-JAH-WVG, 3:11-cv-1808-JAH-BLM, and 3:11-cv-1605-LAB-MDD) naming several of the same defendants named in the actions before this court. All three of plaintiff's complaints in California were dismissed *sua sponte.* Case Nos. 2:12-cv-01038-GMN -VCF and 2:12-cv-01279-JCM -VCF filed in this court are nearly identical to an action plaintiff filed in the United States District Court for the District of Colorado on February 22, 2012 (Case No. 1:12-cv-00460-LTB) (hereinafter the "Colorado Action"). In the Colorado Action, plaintiff asserted that attorneys who represented him in the State of New

---

[4]Case Nos. 12-cv-01274-MMD-VCF and 12-cv-01276-JCM-VCF

[5]Case No. 12-cv-01182-GMN-VCF

Mexico refused to return his files to him. (#9)[6]. Upon a review of the plaintiff's complaint, the court in the Colorado Action dismissed the action for lack of proper venue and ordered plaintiff to show cause why he should not be enjoined from filing any future vexatious and frivolous papers in the District of Colorado. *Id.* The court found that transferring the action was inappropriate due to the nature of the complaint before the court and plaintiff's filing history. *Id.*

The court found that plaintiff's complaint could not survive because it (1) was ninety-two pages long, (2) was filled with "disjointed and repetitive" claims, (3) listed over 200 individuals in the complaint and only named five as defendants, (4) was incomprehensible, and (5) did not satisfy jurisdictional requirements. *Id.* The court in the Colorado Action also addressed plaintiff's ability to file actions in that district. *Id.* The court noted that based on the docket from the United States District of New Mexico, plaintiff is "conditionally barred from initiating *pro se* lawsuits in the State of New Mexico without prior approval from the court or representation by a licensed New Mexico attorney..." *Id.* In barring plaintiff, the New Mexico court found that, prior to 2005, plaintiff filed fifteen (15) actions in the District of New Mexico against various private individuals and governmental entities, with another four (4) actions being removed to the District of New Mexico. *Id.* Many of plaintiff's actions that were filed or removed to the New Mexico court named the same entities and individuals, alleged the same claims for relief, and were based on the same factual allegations. *Id.* The New Mexico court attached an appendix to its order enjoining plaintiff, which described plaintiff's history of "frivolous and vexatious" litigation. *Id.* The Colorado court attached the appendix to its order. *Id.*

The Colorado court gave plaintiff thirty (30) days to show cause why he should not be enjoined from future filings. *Id.* On April 16, 2012, plaintiff filed his response to the order to show cause. (#11). On April 30, 2012, the court issued an order imposing filing restrictions on plaintiff. (#12). The Colorado court stated that nothing plaintiff asserted in his response (#11) "shows good cause why the [c]ourt should not subject him to filing restrictions." *Id.*

---

[6] Docket numbers in this section refer to the docket in the Colorado Action (Case No. 1:12-cv-00460-LTB).

**B.     Dismissal of Claims**

    **1.     Relevant Law**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court "shall dismiss the case at any time if the court determines that . . . the action . . . (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The term "frivolous" when applied to a complaint embraces not only the inarguable legal conclusion but also the fanciful factual allegation. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). While an *in forma pauperis* complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

    **2.     Screening Plaintiff's Complaints**

As discussed above, each of plaintiff's complaints (#1-1) are duplicative of each other and contain repetitive language, making them difficult to comprehend. As the complaints are so lengthy, the court will not address each allegation therein, but will provide examples of the nature of plaintiff's claims.

Plaintiff's complaint in Case No. 2:12-cv-01041-MMD -VCF is forty-eight pages long and names thirty-three (33) different defendants, including several individuals, the San Diego Police Department, the California State Police, and the State of California. (#1-1). In pages 4-29, plaintiff names numerous additional individuals not named in the caption and provides the court with a description of each. *Id.* Beginning under the title "Parties" on page 30, and ending on page 35, plaintiff names more individuals and groups them into "clusters" based on their alleged participation. *Id.*[7]

---

[7] The manner in which plaintiff names individuals/defendants described in the two previous sentences is common practice for plaintiff and is found in all of plaintiff's complaints (#1-1)

8

Plaintiff alleges that several clusters engaged in malicious falsehood and, that as a result, plaintiff suffered loss of enjoyment of life, loss of income, loss of property, libel, defamation, slander, damage to property, obstruction of justice, evidence tampering, denial of due process, loss of consortium, denial of proper medical care to name a few in violation" of codes of evidence, immigration laws, ABA Model Rules, etc. *Id.* Plaintiff makes similar blanket claims against the other "clusters," listing wrongs done against him, but does not provide any factual allegations supporting these claims. *Id.*

In Case No. 2:12-cv-01160-JCM -VCF, plaintiff names, lists, and re-lists individuals in the same fashion described above, and, of his sixty (60) page complaint, the first (30) thirty pages consist of these lists. (#1-1). Plaintiff makes some of the same statements as discussed above, and asserts that several of the "clusters" "failed to exercise their responsibility and/or moral obligation to protect public health, safety and welfare and were engaged in and/or aided and abetted, fraudulent inherent and patently irresponsible discriminatory, frivolous, reckless, abusive and malicious acts as aforedescribed (sic) in violation of" Oregon Administrative Rules, Local Rules, ABA Model Rules, etc. *Id.* Once again, there are no coherent factual allegations against any of the clusters, and only these lists of wrongdoing. *Id.*

In Case No. 2:12-cv-01182-GMN -VCF, plaintiff's list of defendants spreads from page one to page 34. (#1-1). Defendants include bus drivers (John Doe Hispanic male driver, John Doe white male driver, Jane Doe white female driver, and Jane Doe black female driver), emergency room physicians, employees of Heritage Security Services, Transit System Security, and Fort Heritage Courier Service, forensic psychiatry staff, the Highway Patrol, Board of Commissioners San Diego Unified Port District, and San Diego Ethics Commissioners. *Id.* Plaintiff's allegations relate to a storage unit he rented. *Id.* Plaintiff asserts that he has been injured by several "clusters," and claims, to list a few, "malicious falsehood, loss of enjoyment of life, loss of income, loss of property, obstruction of justice, assault and battery, law enforcement misconduct, retaliation, law enforcement crime, defamation, slander, damage to property, denial of due process, los of consortium, denial of proper medical care..." in violation of

9

the Evidence Code, Evidence Rule, International Immigration Laws, Law Enforcement Code of Ethics, American Medical Association Code of Ethics, etc. *Id.*

In Case No. 2:12-cv-01274-MMD -VCF, plaintiff names as defendants several individuals, numerous Toyota dealerships, Chevrolet dealerships, Ford dealerships, Scion dealerships, Jeep dealerships, Dodge dealerships, Honda dealerships, Hyundai dealerships, Lexus dealerships, Nissan dealerships, Subaro dealerships, Volkswagen dealerships, and Mercedes Benz dealerships, throughout Utah, New Mexico, Idaho, Arizona, Oregon, Washington, and Colorado, MegaPlex Theaters, KFAN Radio, All-Star Catering, Energy Solutions Arena, Utah Jazz Store, Fanzz Sports Apparel, and many more. (#1-1). The list of defendants and the descriptions begin on page eight (8) and end on page forty-eight (48). *Id.* Plaintiff asserts that he purchased a new 2007 Toyota Sienna from a dealership in New Mexico and that at some point it was "wrongfully towed and impounded." *Id.* Plaintiff alleges that many "clusters" injured him by "malicious falsehood, loss of enjoyment of life, loss of income, loss of property, defamation, evidence tampering, fraud, retaliation, judicial misconduct, **attempted murder**[8], assault and battery, attorney misconduct, damage to property, evidence tampering, theft, fraud, denial of due process, loss of consortium, bad faith, wrongful arrest and detention, law enforcement misconduct, law enforcement crime, obstruction of justice, denial of proper medical care..." in violation of the same codes and rules as in the actions above. *Id* (emphasis added).

In Case No. 2:12-cv-01275-MMD -VCF, plaintiff's list of the defendants begins on page one (1) and ends on page thirty-seven (37). (#1-1). The allegations in the complaint relate to plaintiff allegedly being denied the transfer of his Pharmaceutic license. *Id.* In addition to the State of California, the Office of Attorney General, and the City of San Diego, plaintiff names several individuals, the Office of the Public Defender, San Diego Police Department, Heritage Security Services, Transit System Security and Fort Heritage Courier Service, several public transportation

---

[8] Plaintiff is advised that criminal allegations such as attempted murder are not proper in a civil complaint. *See* Nevada Revised Statute Chapter 200.

10

companies, attorneys and law clerks from New York, Chicago, Maine, California, and Oregon, employees of the Office of the Secretary of State, California Highway Patrol, the same bus drivers as above, and emergency room physicians. *Id.* Plaintiff alleges the same claims as above, such as fraud, evidence tampering, attempted murder, loss of consortium, and denial of proper medical care. *Id.*

In Case No. 2:12-cv-01276-JCM -VCF, plaintiff names, among others, transportation service companies and their employees, attorneys, officers, and directors for the San Diego Metropolitan System, several bus drivers for the San Diego Transit System, security officers and employees of Heritage Security Services, Transit System Security, and Fort Heritage Courier Service, employees of the Sheriff's office, and several individuals as defendants. (#1-1). The complaint also relates to plaintiff allegedly being denied the transfer of his Pharmaceutic license. *Id.* The complaint alleges the same claims as seen in the actions above, such as fraud, evidence tampering, attempted murder, loss of consortium, and denial of proper medical care. *Id.*

In Case No. 2:12-cv-01277-MMD -VCF, plaintiff names, among others, storage companies in Oregon, the District Attorneys' Office, Board of Commissioners, City of Newport Police, the States of Oregon and California, the Office of County Counsel, Office of the Public Defender, Heritage Security Services, Transit System Security and Fort Heritage Courier Service, San Diego Vintage Trolley, Inc, and several individuals. (#1-1). The allegations in the complaint relate to a storage unit that he was denied access to. *Id.* Plaintiff states that several defendant "clusters" injured plaintiff by hindering, obstructing and sabotaging plaintiff's efforts to timely and properly investigate and/or litigate his severally (sic) applicable cases." *Id.* Plaintiff also makes the same claims as above that the defendant "clusters" engaged in malicious falsehood causing "loss of enjoyment of life, loss of consortium, libel, defamation, slander...attempted murder" etc. *Id.*

In Case No. 2:12-cv-01278-GMN -VCF, plaintiff lists the defendants in the first thirty-seven (37) pages of his complaint as including, among others, the United States of America, public storage facilities, police departments, offices of the Public Defender and City Attorney in San Diego, Heritage

11

Security Services, Transit System Security, and Fort Heritage Courier Service, San Diego Vintage Trolley. (#1-1).  Plaintiff's claims relate to the rental of a storage unit in Georgia and the subsequent denial of access to the unit.  *Id.*   Plaintiff states that the defendant "clusters" caused damages to him by "hindering, obstructing and sabotaging plaintiff's efforts to timely and properly investigate and/or litigate his severally (sic) applicable cases" and by engaging in "malicious falsehood."  *Id.*   Plaintiff asserts the same list of claims for loss of enjoyment of life, loss of consortium, libel, attempted murder, etc. that he asserted in the previous actions.  *Id.*

In Case No. 2:12-cv-01279-JCM -VCF, plaintiff names, among others, the United States of America, FedEx Corporation, International, Freight East, and Kinko's Office and Print Services, Efficient Workflow Solutions, LLC, State Of California, Office of the Public Defender, San Diego County, California, Office of the City Attorney, City of San Diego, California, County of San Diego Health and Human Services Agency, (HHSA) Forensic Services Unit, San Diego, California, Heritage Security Services, Transit System Security, and Fort Heritage Courier Service,  San Diego Vintage Trolley, Inc., and San Diego Metropolitan Transit System (SDMTS). (#1-1).  The allegations relate to a situation where plaintiff contacted attorneys to represent him in "two potential legal malpractice litigation[s]" and sent them his case files.  *Id.*   Plaintiff states that defendant "clusters" adversely effected plaintiff by "hindering, obstructing and sabotaging plaintiff's efforts to timely and properly investigate and/or litigate his severally (sic) applicable cases."  *Id.*   Plaintiff asserts the same list of claims for fraud, theft of property, loss of enjoyment of life, loss of consortium, libel, attempted murder, etc. that he asserted in the previous actions.  *Id.*

In Case No. 2:12-cv-01280-MMD -VCF, plaintiff names, among others, storage facilities in Texas and other states, the United States of America, several different Kennedy-Wilson companies, several different Behringer Harvard Companies, City of El Paso Police Department, City of San Diego, California, County of San Diego Health and Human Services Agency, (HHSA) Forensic Services Unit, San Diego, California, Heritage Security Services, Transit System Security, and Fort Heritage Courier

Service, several Veolia companies, San Diego and Arizona Eastern (SD and AE) Railway Company, and North County Transit District. (#1-1). Plaintiff asserts the same claims as above for fraud, theft of property, loss of enjoyment of life, loss of consortium, libel, attempted murder, bad faith, wrongful arrest and detention, denial of proper medical care, etc. *Id.* This complaint also relates to a storage unit plaintiff acquired and was subsequently denied access to. *Id.*

### 3. Discussion

"Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80. "[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

As demonstrated above, plaintiff's complaints (#1-1) do nothing more than name individuals, States, and companies, and make conclusory statements and allegations. *Id.* Plaintiff has not put any of the defendants on notice of the "grounds of his entitlement to relief." *Id.* Many of the claims throughout the complaints (#1-1) are identical to those contained in other complaints, and it appears that plaintiff copy and pasted claims without regard for the nature of the suit. Plaintiff also asserts very serious criminal claims which are not proper here, such as attempted murder, against defendant "clusters," in an actions where the complaint relates to a car being towed or to a Pharmaceutical license transfer. (#1-1). Plaintiff names an overwhelming number of defendants in each complaint, many of which have nothing to do with the claims and/or are exact replicas of those named in other complaints, in the same copy and paste style as seen with his claims. *Id.*

The court should dismiss plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B), as his complaints

(#1-1) are frivolous and fail to state a claim upon which relief may be granted. The court should also dismiss his claims for fraud, as he fails to meet the heightened pleading standard of Rule 9(b). *See* Fed. R. Civ. P. 9(b)("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). As plaintiff also impermissibly groups defendants together in "clusters" and does not differentiate his allegations, the complaints should be dismissed. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (Rule 9(b) "does not allow a complaint to . . .lump multiple defendants together;" instead, it requires the plaintiff "to differentiate [its] allegations when suing more than one defendant") (citation omitted); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) ("The Complaint . . . simply attributes wholesale all of the allegations against Corinthian to the Individual Defendants. Rule 9(b) undoubtedly requires more.").

### C. Vexatious Litigant

#### 1. Requirements for Vexatious Litigant Order

The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin vexatious litigants who have a history of abusing the court's limited resources. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989)). Under the All Writs Act, a district court can order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave of the court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong*, 912 F.2d at 1148. However, the Ninth Circuit has cautioned the district courts by recognizing that vexatious litigant orders are an extreme remedy, and should rarely be entered. *De Long*, 912 F.2d at 1148 (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F. 2d 1515, 1523-26 (9th Cir. 1984)). This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525. "An injunction

14

cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. U.S.*, 906 F.2d 467, 470 (9th Cir. 1990) (citing *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

In deciding whether or not to restrict a litigant's access to the courts, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Molski v. Mandarin Touch Rest.*, 347 F.Supp.2d 860, 863–64 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2nd Cir. 1986). In doing so, the court should examine five factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. *Id.* at 864.

### 2. Discussion

Upon examining the five factors, the court finds that the plaintiff "is likely to continue to abuse the judicial process and harass other parties," and must be deemed vexatious. *Molski*, 347 F.Supp.2d at 863–64. As discussed above, plaintiff has a history of filing lawsuits relating to the same allegations and claims and against an overwhelming amount of defendants. Plaintiff continues to file lengthy complaints (#1-1) in districts that do not have any relation to the allegations after the same allegations have been dismissed by other courts. The first factor, plaintiff's litigation history, supports restricting plaintiff's access to the court. *Id.*

While plaintiff may subjectively believe he will prevail, plaintiff cannot have an objective good faith expectation of prevailing. Plaintiff did not amend his complaints (#1-1) to state a claim that the court could comprehend and upon which relief could be granted, even after this court gave him the opportunity to do so and other courts already dismissed very similar, if not identical, complaints. In

plaintiff's responses (#4, #5[9], and #6[10]) to the orders to show cause (#3, #4[11], and #5[12]), he did not attempt to cure the deficiencies pointed out by the court, and only stated that he investigated his claims. Plaintiff also names defendants in his complaints (#1-1) that have no relation to the underlying allegations. Several defendants are named in every complaint, and it appears that plaintiff simply copies and pastes the defendants into each complaint without regard to whether the defendants were even in the same state where the harm allegedly occurred. A reasonable person would not believe that they had an expectation of prevailing against defendants that were improperly named and on complaints that have been previously dismissed for failure to state a claim. Plaintiff's motive, when looked at objectively, supports a finding that plaintiff is a vexatious litigant. *Id.* The second factor weighs in favor of restricting plaintiff's access to the court. *Id.* As plaintiff is not represented by counsel, the third factor weighs in favor as well. *Id.*

With regard to whether plaintiff has caused "needless expense to other parties or has posed an unnecessary burden on the courts," the court has sustained most of this burden. *Id.* This court has screened plaintiff's many complaints (#1-1), dismissed frivolous claims, and/or ordered plaintiff to show cause why the complaints should not be dismissed *prior* to the defendants being served and forced to respond. This process, however, is a long and tedious one, as plaintiff's claims are often repetitive, disjunctive, and hard to comprehend. The fourth factor weighs in favor of restricting plaintiff's access. *Id.* The court finds that sanctions would not be appropriate, as plaintiff has already been deemed vexatious in other courts, but continues to file the same type of complaints. The undersigned recommends restricting plaintiff's access to this court. *Id.*

### 3. **Enjoining Vexatious Litigant**

---

[9] Case Nos. 12-cv-01274-MMD-VCF and 12-cv-01276-JCM-VCF

[10] Case No. 12-cv-01182-GMN-VCF

[11] Case Nos. 12-cv-01274-MMD-VCF and 12-cv-01276-JCM-VCF

[12] Case No. 12-cv-01182-GMN-VCF

If a litigant is deemed vexatious, he/she will be enjoined from filing any further action or papers in this district without first obtaining leave of the Chief Judge of this court. In order to file any papers, the vexatious litigant must first file an application for leave. The application must be supported by a declaration of plaintiff stating: (1) that the matters asserted in the new complaint or papers have never been raised and disposed of on the merits by *any court*; (2) that the claim or claims are not frivolous or made in bad faith; and (3) that he has conducted a reasonable investigation of the facts and investigation supports his claim or claims. A copy of the order deeming the litigant vexatious must be attached to any application. Failure to fully comply will be sufficient grounds for denial of the application. *De Long v. Hennessey*, 912 F.2d 1144, 1146–47 (9th Cir. 1990).

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that:

(1) Plaintiff Chibueze C. Anaeme's complaints (#1-1) in the above captioned cases be DISMISSED;

(2) Plaintiff Chibueze C. Anaeme be deemed a vexatious litigant pursuant to 28 U.S.C. § 1651(a); and

(3) the court enter an order stating that if plaintiff Chibueze C. Anaeme intends to file any papers with the court he must first seek leave of the Chief Judge of this court in accordance with the procedure outlined above.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 9th day of November, 2012.

_____
**CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE**